UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

PERNELL GRIFFIN,

            Plaintiff,

    -against-

CITY OF NEW YORK,
IVAN LOWE, Individually,
KEVIN WRIGHT, Individually, and
JOHN or JANE DOE 1 through 15, Individually,
(the names John or Jane Doe being fictitious, as the
true names are presently unknown),

            Defendants.

-------------------------------------------------------------------X

**AMENDED
COMPLAINT**

16 CV 378 (RRM) (JO)

<u>Jury Trial Demanded</u>

    Plaintiff PERNELL GRIFFIN, by his attorney, Jason Leventhal, Esq., complaining

of the defendants, respectfully alleges as follows:

<strong><u>Preliminary Statement</u></strong>

    1.    Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitution of the United States.

Plaintiff also asserts supplemental state law claims under the laws and Constitution of the

State of New York.

<strong><u>JURISDICTION</u></strong>

    2.    The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth, Eighth and/or Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      At all relevant times herein, plaintiff PERNELL GRIFFIN was a twenty-four-year-old African-American male and a pre-trial detainee imprisoned and under the care, custody and control of defendant CITY OF NEW YORK's Department of Correction ("DOC").

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the DOC, a duly authorized public authority and/or correction department, authorized to perform all functions of a correction department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, IVAN LOWE, KEVIN WRIGHT, and JOHN or JANE DOE 1 through 15, were duly sworn correction officers and supervisors of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with

2

the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City New York.

11.     Each and all acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.     Each and all acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On October 28, 2014, plaintiff PERNELL GRIFFIN was imprisoned in housing unit 3D of the North Infirmary Complex ("NIC") on Rikers Island, located in the City of East Elmhurst, County of Queens, and State of New York.

14.     The NIC contains specialized units for inmates who require extreme protective custody because of their notoriety or the nature of their cases, and for inmates with medical conditions.

15.     At approximately 9:20 a.m. on October 28, 2014, DOC officers rear handcuffed GRIFFIN and removed him from his cell.

16.     DOC officers then escorted GRIFFIN from his cell and into an elevator.

17.     While in the elevator, GRIFFIN was restrained by rear handcuffs and was fully compliant with the DOC officers' instructions.

18.     When the elevator doors opened on the first floor, defendant LOWE, who was standing outside the elevator when the doors opened, brutally punched GRIFFIN in the face twice, causing GRIFFIN to fall to the floor.

19.    While on the floor, defendant LOWE stepped on GRIFFIN'S face.

20.    The other DOC officers present yelled at defendant LOWE, in sum and substance - what the fuck are you doing, and pulled defendant LOWE away from GRIFFIN.

21.    As a result of defendant LOWE'S brutal attack, GRIFFIN suffered serious physical injuries including a right mandibular angle fracture.

22.    Shortly after the attack, defendant LOWE told GRIFFIN that he lost his composure and apologized for attacking him.

23.    Shortly after the attack, other unidentified DOC officers approached GRIFFIN and attempted to persuade him to "hold it down," which GRIFFIN understood to mean that he would not report defendant LOWE'S brutal assault.

24.    Two days later, on October 30, 2014, DOC officers transported GRIFFIN to Bellevue Hospital, located at 462 First Avenue, New York, New York, for treatment for the injuries inflicted by defendant LOWE.

25.    Bellevue Hospital contains a prison ward and certain DOC inmates who become injured or ill are taken to that facility for treatment pursuant to DOC rules, regulations, and/or procedures.

26.    On October 31, 2014, doctors at Bellevue Hospital performed an extensive surgery to repair the fractures to GRIFFIN'S jaw which included the placement of metal plates on the fracture site.

27.    Less than two weeks after the surgery, on or about November 12, 2014 at approximately 6:00 p.m., DOC officers assaulted GRIFFIN inside dormitory 2 of the NIC on Rikers Island.

28.     Defendant WRIGHT together with unidentified DOC officers, approached GRIFFIN inside dormitory 2 of the NIC.  Defendant WRIGHT or one of the other officers told GRIFFIN, in sum and substance - time to go to the box, which GRIFFIN understood to mean that he was being transferred to solitary confinement.  Defendant WRIGHT then struck GRIFFIN in the jaw, grabbed him from behind, pushed him down onto a bed, and handcuffed him with his hands behind his back.

29.     Shortly thereafter, GRIFFIN was escorted to the Otis Bantum Correctional Center facility ("OBCC") on Rikers Island, and placed in the punitive segregation unit.

30.     GRIFFIN was imprisoned in OBCC for approximately two weeks.

31.     While imprisoned in OBCC, GRIFFIN was subjected to isolation and was on twenty-four-hour lockdown.

32.     While imprisoned in OBCC, DOC officers denied GRIFFIN his prescribed medications and proper medical attention for his surgically repaired jaw.  DOC officers also denied GRIFFIN a liquid diet and a rinse for his mouth, in violation of his post-surgery medical instructions from Bellevue Hospital.

33.     Defendants JOHN or JANE DOE 1 through 15 were DOC officers assigned to the OBCC from on or about November 12, 2014 to approximately November 26, 2014 and failed to provide GRIFFIN his prescribed medications, a liquid diet and mouth rinse, all in violation of GRIFFIN'S post-surgery medical instructions, and also failed to provide GRIFFIN with access to proper medical attention.

34.     As a result of the assault by defendant WRIGHT occurring on or about November 12, 2014, and the denial of prescribed medications and proper medical attention by said unidentified DOC officers from on or about November 12, 2014 through

approximately November 26, 2014, GRIFFIN suffered serious physical injuries to his surgically repaired jaw.  Thereafter, on December 29, 2014, Griffin was re-admitted to Bellevue Hospital, where doctors performed a second surgery to repair GRIFFIN'S jaw by grafting bone from his hip into his jaw.

35.    Specifically, the second procedure consisted of open reduction and internal fixation of GRIFFIN'S right mandibular angel nonunion, removal of hardware, extraction of teeth #1 and #32, and left anterior iliac crest bone graft to right mandibular angle.

36.    As a result of the foregoing, GRIFFIN sustained, *inter alia*, severe physical injuries, pain and suffering, mental anguish, emotional distress, and deprivation of his constitutional rights.

37.    The aforesaid events are not isolated incidents.  Defendant CITY OF NEW YORK is aware (from lawsuits; prior incidents including arrests and convictions of correction officers; notices of claims; media coverage; investigations conducted by and complaints filed with the United States Department of Justice, with the CITY'S Inspector General's Office and Department of Investigation, and from intelligence gathered by DOC officials) that many DOC officers, including the defendants, are insufficiently supervised and trained regarding the use of force against inmates; engage in a widespread practice of subjecting inmates to excessive force; engage in falsification when reporting their use of force; and fail to report misconduct and excessive force of other officers.

38.    For example, the CITY OF NEW YORK was named as a defendant in *Nunez v. City of New York*, 11 CV 5845 (S.D.N.Y.), a class action lawsuit that alleged widespread use of excessive force by DOC officers at Rikers Island.  The United States Attorney's Office for the Southern District of New York, which had been conducting their own

investigation into the use of excessive force by DOC staff at Rikers Island, joined in the aforementioned lawsuit on or about December 17, 2014.  The suit was recently settled in an agreement with the CITY OF NEW YORK and, as part of the settlement, the DOC is required to implement new policies to curb rampant misuse of force and the culture of violence at Rikers Island.  With regard to the aforementioned settlement, the United States Attorney for the Southern District of New York, Preet Bharara, issued the following statement on June 22, 2015:

> I have repeatedly made clear our unwavering commitment to enduring and enforceable reform at Rikers Island.  Today, we have reached a groundbreaking agreement in principle with City officials, subject to ultimate approval by the Court.  This comprehensive framework requires the City to implement sweeping operational changes to fix a broken system and dismantle a decades-long culture of violence.[1]

39.     Moreover, the United States Attorney for the Southern District of New York released a report on August 4, 2014 that documented the findings of a two-year investigation focused on the conditions and treatment of the adolescent population at Rikers Island and concluded a "culture of violence" pervades the jails.  The U.S. Attorney further noted: "our investigation suggests that the systemic deficiencies identified in this report may exist in equal measure at the other jails on Rikers."[2]

40.     In August 2014, the CITY OF NEW YORK'S Comptroller also issued a report concerning injury claims filed against the DOC and settlements and judgments issued against the DOC in fiscal year 2014.  The report showed that personal injury claims

---

[1] http://www.justice.gov/usao-sdny/pr/statements-manhattan-us-attorney-preet-bharara-and-head-civil-rights-division-vanita

[2] http://www.justice.gov/sites/default/files/usao-sdny/legacy/2015/03/25/SDNY%20Rikers%20Report.pdf

against the CITY OF NEW YORK for injuries that occurred in DOC facilities had climbed in recent years.  According to the Comptroller's Office, 2,245 such claims were filed against the DOC in fiscal year 2014, an increase of 37% over fiscal year 2013, and a 114% increase since 2009, when just over 1,000 such claims were filed.[3]

41.    On or about January 15, 2015, the CITY OF NEW YORK'S Department of Investigation ("DOI") issued a report entitled, "New York City Department of Investigation Report on the Recruiting and Hiring Process for New York City Correction Officers."  According to that report:

   a)  "DOC did not properly train the staff assigned to handle candidate screening;"

   b)  "DOC did not make use of basic background screening tools;"

   c)  "Until recently, DOC had no significant process to screen applicants for gang affiliation" and;

   d)  "DOC did not have a meaningful recruitment strategy . . . ."[4]

42.    The aforementioned DOI investigation also revealed that "DOC's hiring process has failed to recruit sufficient talented COs and has failed, in some instances, to weed out those who would abuse their position."[5]

43.    DOI Commissioner Mark G. Peters stated, "DOI's latest investigation on Rikers Island exposes a shockingly inadequate screening system, which has led to the

---

[3] http://comptroller.nyc.gov/newsroom/claimstat-alert-comptroller-stringer-releases-new-data-showing-sharp-rise-in-claims-against-new-york-city-department-of-correction/

[4] http://www.nyc.gov/html/doi/downloads/pdf/2015/jan15/pr01rikers_aiu_011515.pdf
[5] *Id.*

hiring of many officers that are underqualified and unfit for duty."[6]

44.    The rise of violence against inmates over recent years has also been chronicled extensively by the news media. *See e.g.,* http://www.nytimes.com/2014/08/14/nyregion/why-violence-toward-inmates-at-rikers-grew.html.

45.    Despite such notice, defendant CITY OF NEW YORK has, until very recently, failed to take corrective action.  This failure caused the defendant DOC officers herein to violate the plaintiff's constitutional rights.

46.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as DOC officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

47.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

48.    All of the aforementioned acts deprived plaintiff PERNELL GRIFFIN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

49.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as DOC officers, with the entire actual and/or apparent

---

[6] *Id.*

authority attendant thereto.

50.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as DOC officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and its Department of Correction, all under the supervision of ranking officers of said department.

51.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

52.     As a result of the foregoing, plaintiff PERNELL GRIFFIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 as to defendant LOWE)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     The level of force employed by defendant LOWE was excessive, objectively unreasonable and otherwise in violation of plaintiff PERNELL GRIFFIN'S constitutional rights.

55.     As a result of the aforementioned conduct of defendant LOWE, plaintiff

PERNELL GRIFFIN was subjected to excessive force and sustained severe physical and emotional injuries.

56.   As a result of the foregoing, plaintiff PERNELL GRIFFIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983 as to defendant WRIGHT)

57.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.   The level of force employed by defendant WRIGHT was excessive, objectively unreasonable and otherwise in violation of plaintiff PERNELL GRIFFIN'S constitutional rights.

59.   As a result of the aforementioned conduct of defendant LOWE, plaintiff PERNELL GRIFFIN was subjected to excessive force and sustained severe physical and emotional injuries.

60.   As a result of the foregoing, plaintiff PERNELL GRIFFIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983 as to defendants JOHN or JANE DOE 1 through 15)

61.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.    Defendants JOHN or JANE DOE 1 through 15 knew of and disregarded the excessive risk of harm to plaintiff's health and safety by denying GRIFFIN proper medical attention and prescribed medications for his aforementioned injuries.

63.    As a result of the aforementioned conduct of defendants JOHN or JANE DOE 1 through 15, plaintiff PERNELL GRIFFIN suffered serious physical injuries.

64.    As a result of the foregoing, plaintiff PERNELL GRIFFIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983 as to defendant CITY OF NEW YORK)

65.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

67.     The aforementioned customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and its Department of Correction included, but were not limited to, DOC officers using excessive force against inmates under their custody and control, engaging in a policy of falsification when reporting their use of force, and failing to report misconduct and use of excessive force of other officers.

68.     In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff PERNELL GRIFFIN'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and its Department of Correction constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff PERNELL GRIFFIN.

70.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and its Department of Correction were the direct and proximate cause of the constitutional violations suffered by plaintiff PERNELL GRIFFIN as alleged herein.

71.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and its Department of Correction were the moving force behind the Constitutional violations suffered by plaintiff PERNELL GRIFFIN as alleged herein.

72.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and its Department of Correction, plaintiff PERNELL GRIFFIN was brutally assaulted and suffered serious and permanent physical injuries.

73.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff PERNELL GRIFFIN'S constitutional rights.

74.     All of the foregoing acts by defendants deprived plaintiff PERNELL GRIFFIN of federally protected rights, including, but not limited to, the right:

    A.     To be free from excessive force; and

    B.     To be free from the deliberate indifference to serious medical needs.

75.     As a result of the foregoing, plaintiff PERNELL GRIFFIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

<u>**Supplemental State Law Claims**</u>

76.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

78.     The CITY OF NEW YORK has wholly neglected or refused to make an

adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

79.     The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

80.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

81.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Assault under the laws of the State of New York
as to defendants LOWE and CITY OF NEW YORK)

82.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     Defendant LOWE placed plaintiff PERNELL GRIFFIN in apprehension of imminent harmful and offensive bodily contact.

84.     As a result of defendant LOWE'S conduct, plaintiff PERNELL GRIFFIN was placed in apprehension of imminent harmful and offensive bodily contact and has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

85.     As a result of the foregoing, plaintiff PERNELL GRIFFIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Assault under the laws of the State of New York
as to defendants WRIGHT and CITY OF NEW YORK)

86.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.    Defendant WRIGHT placed plaintiff PERNELL GRIFFIN in apprehension of imminent harmful and offensive bodily contact.

88.    As a result of defendant WRIGHT'S conduct, plaintiff PERNELL GRIFFIN was placed in apprehension of imminent harmful and offensive bodily contact and has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

89.    As a result of the foregoing, plaintiff PERNELL GRIFFIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Battery under the laws of the State of New York
as to defendants LOWE and CITY OF NEW YORK)

90.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.    Defendant LOWE made offensive contact with plaintiff PERNELL GRIFFIN without privilege or consent.

92.    As a result of defendant LOWE'S conduct, plaintiff PERNELL GRIFFIN

16

has suffered physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

93.     As a result of the foregoing, plaintiff PERNELL GRIFFIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Battery under the laws of the State of New York
as to defendants WRIGHT and CITY OF NEW YORK)

94.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.     Defendant WRIGHT made offensive contact with plaintiff PERNELL GRIFFIN without privilege or consent.

96.     As a result of defendant WRIGHT'S conduct, plaintiff PERNELL GRIFFIN has suffered physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

97.     As a result of the foregoing, plaintiff PERNELL GRIFFIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligence under the laws of the State of New York
as to defendants WRIGHT, JOHN or JANE DOE 1 through 15,
and CITY OF NEW YORK)

98.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendants WRIGHT, JOHN or JANE DOE 1 through 15 and the CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

100.    As a result of the foregoing, plaintiff PERNELL GRIFFIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Gross Negligence under the laws of the State of New York
as to defendants WRIGHT, JOHN or JANE DOE 1 through 15,
and CITY OF NEW YORK)

101.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    Plaintiff's injuries herein were caused by the gross negligence of defendants WRIGHT, JOHN or JANE DOE 1 through 15 and the CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

103.   As a result of the foregoing, plaintiff PERNELL GRIFFIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York
as to defendants JOHN or JANE DOE 1 through 15 and CITY OF NEW YORK)

104.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.   The aforementioned conduct of defendants JOHN or JANE DOE 1 through 15 was extreme and outrageous, and exceeded all reasonable bounds of decency.

106.   The aforementioned conduct was committed by defendants JOHN or JANE DOE 1 through 15 while acting within the scope of their employment by defendant CITY OF NEW YORK.

107.   The aforementioned conduct was committed by defendants JOHN or JANE DOE 1 through 15 while acting in furtherance of their employment by defendant CITY OF NEW YORK.

108.   The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff PERNELL GRIFFIN.

109.   As a result of the foregoing, plaintiff PERNELL GRIFFIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress under the laws of the State of New York
as to defendants JOHN or JANE DOE 1 through 15 and CITY OF NEW YORK)

110.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

110.    Defendants JOHN or JANE DOE 1 through 15 assumed a duty to assure plaintiff PERNELL GRIFFIN'S well-being while he was under the care, custody, and control of the CITY OF NEW YORK'S Department of Correction.  Defendants breached that duty.

111.    The aforementioned conduct was committed by defendants JOHN or JANE DOE 1 through 15 while acting within the scope of their employment by defendant CITY OF NEW YORK.

112.    The aforementioned conduct was committed by defendants JOHN or JANE DOE 1 through 15 while acting in furtherance of their employment by defendant CITY OF NEW YORK.

113.    As a result of the aforementioned conduct, plaintiff PERNELL GRIFFIN suffered severe emotional distress.

114.    As a result of the foregoing, plaintiff PERNELL GRIFFIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York as to defendant CITY OF NEW YORK)

115.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth herein

116.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants.

117.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

118.    As a result of the foregoing, plaintiff PERNELL GRIFFIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York as to defendant CITY OF NEW YORK)

119.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120.    Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants.

121.    As a result of the foregoing, plaintiff PERNELL GRIFFIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York
as to defendant CITY OF NEW YORK)

122.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

123.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

124.   As a result of the foregoing, plaintiff PERNELL GRIFFIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff PERNELL GRIFFIN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury:

(B)   punitive damages against the individual defendants in an amount to be determined by a jury:

(C)   reasonable attorney's fees and the costs and disbursements of their action; and

22

(D)    such other and further relief as appears just and proper.


Dated:  October 31, 2016                    By:    s/_____
                                                   JASON LEVENTHAL
                                                   Leventhal Law Group, P.C.
                                                   *Attorneys for Plaintiff*
                                                   45 Main St., Suite 528
                                                   Brooklyn, New York 11201
                                                   (718) 556-9600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

PERNELL GRIFFIN,

                                          Plaintiff,                16 CV 378 (RRM) (JO)

       -against-

CITY OF NEW YORK,
IVAN LOWE, Individually,
KEVIN WRIGHT, Individually, and
JOHN or JANE DOE 1 through 15, Individually,
(the names John or Jane Doe being fictitious, as the
true names are presently unknown),

                                         Defendants.

------------------------------------------------------------------X

**AMENDED COMPLAINT**

**LEVENTHAL LAW GROUP, P.C.**
*Attorneys for the Plaintiff*
45 Main Street, Suite 528
Brooklyn, New York 11201
(718) 556-9600